APPEAL,CLOSED,EFILE,PROSE,SDV

# U.S. District Court
## District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:24−cv−00085−JAM

| | |
|---|---|
| Rosa v. Connecticut Judicial Branch et al | Date Filed: 01/24/2024 |
| Assigned to: Judge Jeffrey A. Meyer | Date Terminated: 07/30/2024 |
| Referred to: Judge S. Dave Vatti | Jury Demand: None |
| Demand: $200,000,000,000 | Nature of Suit: 440 Civil Rights: Other |
| Cause: No cause code entered | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Alexander Rosa**      represented by   **Alexander Rosa**
481 Poplar Street
Bridgeport, CT 06605
PRO SE

V.

**Defendant**

**Connecticut Judicial Branch**
*as far as Fairfield Judicial Branch and Rockville Judicial Branch*
*also known as*
Fairfield County

**Defendant**

**Bridgeport Police Department**

**Defendant**

**Fairfield Police Department**

**Defendant**

**Stratford Police Department**

**Defendant**

**Justin Sargis**

**Defendant**

**Joseph Furtini**

**Defendant**

**Justine F Miller**

**Defendant**

**Eboni Douglas**

**Defendant**

**John Doe**
*1*

**Defendant**

**John Doe**
*2*

**Defendant**

**John Doe**
*3*

**Defendant**

**John Doe**
*4*

**Defendant**

**USA**

**Defendant**

**Social Security Administration**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/24/2024 | 1 | COMPLAINT against Bridgeport Police Department, Connecticut Judicial Branch, John Doe(1), John Doe(2), John Doe(4), John Doe(3), Eboni Douglas, Fairfield Police Department, Joseph Furtini, Justine F Miller, Justin Sargis, Social Security Administration, Stratford Police Department, USA, filed by Alexander Rosa. (Fanelle, N.) (Entered: 01/24/2024) |
| 01/24/2024 | 2 | MOTION for Leave to Proceed in forma pauperis by Alexander Rosa. (Fanelle, N.) (Entered: 01/24/2024) |
| 01/24/2024 | 3 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1, a disclosure statement must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case. Signed by Clerk on 1/24/2024. (Fanelle, N.) (Entered: 01/24/2024) |
| 01/24/2024 |  | Judge Jeffrey A. Meyer and Judge S. Dave Vatti added. (Reis, Julia) (Entered: 01/24/2024) |
| 01/24/2024 | 4 | Order on Pretrial Deadlines: Amended Pleadings due by 3/24/2024 Discovery due by 7/25/2024 Dispositive Motions due by 8/29/2024 Signed by Clerk on 1/24/2024.(Chartier, A.) (Entered: 01/24/2024) |
| 01/24/2024 | 5 | ELECTRONIC FILING ORDER FOR COUNSEL – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Jeffrey A. Meyer on 1/24/2024.(Chartier, A.) (Entered: 01/24/2024) |
| 01/24/2024 | 6 | Standing Protective Order Signed by Judge Jeffrey A. Meyer on 1/24/2024.(Chartier, A.) (Entered: 01/24/2024) |
| 04/05/2024 | 7 | NOTICE of Change of Address by Alexander Rosa (Corriette, M.) (Entered: 04/08/2024) |
| 04/19/2024 | 8 | MOTION for copies of Docketing Report by Alexander Rosa. (Attachments: # 1 Envelope)(Chartier, A.) (Entered: 04/23/2024) |
| 04/29/2024 | 9 | ORDER. The Court DENIES plaintiff's motion requesting "all the docketing reports" for seven cases in this court, as well as for a document that allows him to request an amended complaint or exhibit free of charge. Plaintiff does not explain why he needs these documents. Moreover, "[a] litigant's *in forma pauperis* status does not entitle him to a free copy of a docket sheet or other filings." *United States v. Navarro*, 2017 WL 343466, at *1 (W.D.N.Y. 2017). Plaintiff may visit or contact the Clerk's Office by mail to request copies of the documents he wishes and to be advised of the costs per page that he wishes to be printed. If plaintiff is able to make a particularized showing of his need for particular documents and his inability to pay, then he may re−file a motion doing so. It is so ordered. Signed by Judge Jeffrey A. Meyer on 4/29/2024. (Odio, C) (Entered: 04/29/2024) |
| 05/01/2024 | 10 | MOTION for Injunctive/Prospective Relief by Alexander Rosa. (Attachments: # 1 Envelope)(Chartier, A.) (Entered: 05/02/2024) |

| | | |
|---|---|---|
| 05/01/2024 | 11 | MOTION for copies of all E-Files from 23rd to 30th of April by Alexander Rosa. (Chartier, A.) (Entered: 05/02/2024) |
| 05/01/2024 | 12 | MOTION for Emergency Injunction by Alexander Rosa. (Chartier, A.) (Entered: 05/02/2024) |
| 05/01/2024 | 14 | NOTICE of change of address by Alexander Rosa (Pesta, J.) (Entered: 05/06/2024) |
| 05/03/2024 | 13 | MOTION for Additional Injunctive Relief by Alexander Rosa. (Chartier, A.) (Entered: 05/06/2024) |
| 05/06/2024 | 15 | MOTION for Objection to Have a Magistrate on the Case Loads by Alexander Rosa. (Chartier, A.) (Entered: 05/07/2024) |
| 06/25/2024 | 16 | ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may review a complaint *sua sponte* to determine if it is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The purpose of this docket order is to state the Court's concerns and to allow plaintiff a fair opportunity to respond.<br><br>The plaintiff has filed a lawsuit against several state government entities, the United States of America, the Social Security Administration, and several named individuals and John Does.<br><br>Plaintiff's claims against the Connecticut Judicial Branch appear barred by the Eleventh Amendment to the U.S. Constitution, which divests federal courts of jurisdiction over lawsuits by private citizens against state government entities. *See generally Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *T.W. v. New York State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021). Thus, "the Connecticut Judicial Branch... is protected by sovereign immunity." *Watson v. Conn.*, 2020 WL 3404066, at *2 (D. Conn. 2020).<br><br>Plaintiff's claims against three municipal police departments also appear subject to dismissal because these defendants are not independent legal entities and thus are not subject to suit under § 1983. *See Williams v. Hartford Police Dep't*, 2015 WL 13849474, at *1 (D. Conn. 2015); *Tobin v. Doe*, 2005 WL 701274, at *2-3 (D. Conn. 2005).<br><br>Plaintiff's claims against the United States and its agencies, including the SSA, are barred by sovereign immunity unless the government waives this immunity, which plaintiff has not alleged here. *See Pettiford v. USA*, 2024 WL 1746058, at *2 (S.D.N.Y. 2024). "While Congress has provided a limited waiver of sovereign immunity in allowing judicial review of the final administrative decision of the Commissioner of Social Security with regard to an applicant's request for Social Security benefits, [p]laintiff does not seek such review in this action." *McCabe v. Keenan*, 2024 WL 54236, at *3 (S.D.N.Y. 2024). As for defendant United States, even if plaintiff had advanced a cause of action for which the federal government has waived immunity, he has not alleged sufficient facts to make out a plausible claim, stating only that the U.S. and SSA conspired to defraud him by forcing his mother to sign his birth certificate and then using that birth certificate to siphon money away from him.<br><br>Plaintiff's claims against the individual defendants also appear subject to dismissal for failure to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The complaint does not explain why the probation officers' requesting of an arrest warrant, which is conduct inherent in their job duties, violated his constitutional rights. Nor does he provide any factual details regarding the signing of the R.O.I. that would suggest a violation of his constitutional rights. Plaintiff's claims against his attorneys are similarly devoid of factual matter sufficient to support a claim. He does not explain in what way Scarfariello conspired against him, and his conclusory allegations that Miller and Sargis failed to present unspecified evidence do not show that they are state actors or adequately plead the elements of a malpractice claim, which requires a showing that the underlying criminal conviction has been vacated. *See Akande v. Schneider*, 2019 WL 5213293, at *2 (D. Conn. 2019). As for the John Doe defendants, plaintiff offers nothing more than a conclusory |

| | | |
|---|---|---|
| | | allegation that the search and seizure they conducted was unlawful, failing to specify the location or manner of the search, let alone the basis for his claim that it was illegal.<br><br>Plaintiff may file any objection or response to this order to show cause by **July 15, 2024**. In the absence of a timely response, the Court is likely to dismiss this action. It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 6/25/2024. (Odio, C) (Entered: 06/25/2024) |
| 07/10/2024 | 17 | NOTICE of Address Change by Alexander Rosa (Pesta, J.) (Entered: 07/10/2024) |
| 07/29/2024 | 19 | MOTION for Extension of Time and Reply to Entry 16 Order by Alexander Rosa. (Chartier, A.) (Entered: 07/29/2024) |
| 07/30/2024 | 20 | ORDER OF DISMISSAL. This action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for reasons set forth at length in its prior order to show cause. Doc. # 16 . Although plaintiff has filed a belated response to the Court's order to show cause (Doc. # 19 ), the response does not furnish factually or legally adequate reason to call into question the reasons for dismissal. To the extent that the plaintiff's latest filing is framed as a motion for extension of time, he does not set forth good cause for a grant of extension of time. Instead, plaintiff's motion is devoted to his personal disagreement with the law of sovereign immunity. Nor does plaintiff attempt to adduce additional facts that would overcome the Court's stated concerns for dismissal. Therefore, the Court DISMISSES this action with prejudice, and the Clerk of Court shall close this case. It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 7/30/2024.(Lewis, D) (Entered: 07/30/2024) |
| 08/22/2024 | 21 | NOTICE OF APPEAL as to 20 Order Dismissing Case by Alexander Rosa. (Chartier, A.) (Entered: 08/23/2024) |
| 08/22/2024 | 22 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 21 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: none (Chartier, A.) (Entered: 08/23/2024) |